Ashley M. McDow (245114)
Fahim Farivar (252153)
**Foley & Lardner LLP**
Attorneys at Law
555 S. Flower Street, Suite 3300
Los Angeles, Ca 90071
Telephone: 213.972.4615
Facsimile: 213.486.0065
E-mail: amcdow@foley.com
       ffarivar@foley.com

Attorneys for Debtor,

SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 1:16-BK-10015-FEC |
| SOUTHERN INYO HEALTHCARE DISTRICT, | CHAPTER 9 |
| | ADV. PROC. NO.: 2018-01045 |
| DEBTOR. | Honorable Fredrick E. Clement |
| SOUTHERN INYO HEALTHCARE DISTRICT, | Doc. No.: FL-3 |
| PLAINTIFF, | **NOTICE OF WITHDRAWAL OF COMPLAINT AND REQUEST FOR DISMISSAL OF ADVERSARY PROCEEDING** |
| V. | |
| HEALTHLAND, INC., | [No Hearing Required] |
| DEFENDANT. | |

4834-2205-8605.2

1 | TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY
2 | JUDGE AND ALL OTHER INTERESTED PARTIES:

   **PLEASE TAKE NOTICE** that Southern Inyo Healthcare District ("SIHD") and Healthland, Inc. aka CPSI, the plaintiff and the defendant (collectively, the "Parties") in the above-captioned adversary proceeding (the "Adversary"), respectively, have reached a settlement resolving the issues underlying the Adversary (the "Settlement"). A true and correct copy of the settlement agreement executed by the Parties and memorializing the Settlement is attached hereto as **Exhibit A** and incorporated herein by reference. Accordingly, SIHD hereby withdraws the complaint in the Adversary, and respectfully requests the dismissal of the Adversary with prejudice.

Date: December 19, 2018

FOLEY & LARDNER LLP

/s/ *Ashley M. McDow*

Ashley M. McDow
Fahim Farivar

**Attorneys for Plaintiff Southern Inyo Healthcare District**

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into as of _____ (the "**Effective Date**"), by and between SOUTHERN INYO HEALTHCARE DISTRICT (the "**Plaintiff**" and/or the "**Debtor**," as applicable) and HEALTHLAND, INC. aka CPSI (the "**Defendant**"). The Plaintiff and Defendant are hereinafter referred to collectively as the "**Parties**."

## RECITALS

**WHEREAS**, on January 4, 2016 (the "**Petition Date**"), the Debtor initiated a bankruptcy case by filing a voluntary petition for relief under chapter 9 of the bankruptcy code (the "**Bankruptcy Code**"), which case is currently pending in the U.S. Bankruptcy Court for the Eastern District of California, San Fresno Division (the "**Court**"), and bears case no. 1:16-BK-10015-FEC (the "**Bankruptcy Case**").

**WHEREAS**, on July 12, 2016, the Court entered an order for relief (the "**Relief Date**").

**WHEREAS**, on or about July 13, 2018, the Debtor initiated an adversary proceeding against the Defendant by filing a complaint for (1) avoidance and recovery of preferential transfers, (2) preservation of avoided transfers, and (3) disallowance of any claims held by defendants (the "**Complaint**") in the Bankruptcy Court, case no. 2018-01045 (the "**Adversary**").

**WHEREAS**, by and through the Complaint, the Plaintiff sought to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all transfers of property that occurred during the ninety (90) day period prior to the Petition Date pursuant to sections 547 and 550 of the Bankruptcy Code totaling $12,835.88, which are made applicable to this Bankruptcy Case by and through section 901 of the Bankruptcy Code (the "**Alleged Preferential Transfers**").

**WHEREAS**, by and through the Complaint, Plaintiff also sought to disallow, pursuant to section 502 of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Plaintiff or that has been scheduled for the Defendant.

**WHEREAS**, the Defendant has asserted certain defenses to the allegations asserted by the Plaintiff in the Complaint.

**WHEREAS**, the Defendant contends that it has the following claims against the Debtor: (1) Claim one in the amount of $17,757.58 for services provided prior to the Petition Date (the "**Pre-Petition Claim**"), and claim two in the amount of $73,164.25 for services provided after the Petition Date (the "**Post-Petition Claim**," and collectively, with the Pre-Petition Claim, the "**Claims**"). The Claims total $90,921.83. The Defendant has not filed a proof of claim in the Bankruptcy Case but the Plaintiff had listed the Defendant's pre-petition claim in its schedule F in



1

the amount of $4,349.34. The Debtor disputes the Claims and has asserted certain defenses to the Claims.

**WHEREAS,** the Parties have exchanged information, negotiated and now desire to set forth terms and conditions that will resolve all claims, debts, liabilities, demands, and other obligations existing between the Defendant and the Debtor, including but not limited to those arising from or related to the Claims, the Complaint, the Adversary, and the Bankruptcy Case.

**NOW THEREFORE**, in consideration of the foregoing, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1. Recitals. The Parties agree that the above recitals are true and correct and are incorporated herein, as if fully set forth herein.

2. Jurisdiction & Venue. The Court has jurisdiction over the Adversary pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the Adversary is a core proceeding as defined by 28 U.S.C. § 157. Venue properly lies in the Eastern District of California pursuant to 28 U.S.C. § 1409 as this Adversary arises out of and relates to the Bankruptcy Case.

3. Settlement. On the Effective Date, the Claims shall be deemed withdrawn and shall be of no further force or effect in the Bankruptcy Case or against the Debtor or any of its officers, directors, members, employees, administrators, agents, legal representatives, heirs, successors and assigns (collectively, the "**Debtor Parties**"). The Defendant shall be prohibited from asserting, whether formally or informally, any additional claims in the Bankruptcy Case or against the Debtor or any of the Debtor Parties, whether in the Bankruptcy Case or otherwise.

4. Dismissal of Adversary Proceeding. Within ten (10) days of the Effective Date, the Plaintiff shall seek the dismissal of the Adversary with prejudice.

5. Parties' Mutual and General Releases

    a. Debtor Parties' Release. Except as otherwise set forth herein, upon the Effective Date, the Debtor Parties and each of them (the "**Releasing Debtor Parties**") hereby release, waive, and forever discharge the Defendant and its respective predecessors, successors, agents, employees, members, shareholders, officers, and attorneys of and from any and all claims (including claims contemplated by California Civil Code § 1542), whether arising in the Adversary, the Bankruptcy Case, or otherwise, arising at any time prior to the Effective Date of this Agreement, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Releasing Debtor Parties.



2

b. <u>Defendant Parties' Release.</u> Except as otherwise set forth herein, upon the Effective Date, the Defendant and its respective predecessors, successors, agents, employees, members, shareholders, officers, and attorneys (collectively, the "**Releasing Defendant Parties**," and together with the Releasing Debtor Parties, the "**Releasing Parties**") hereby release, waive, and forever discharge the Debtor Parties, including their respective predecessors, successors, agents, servants, employees, members, shareholders, officers, and attorneys of and from any and all claims (including claims contemplated by California Civil Code § 1542), debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, cross-claims, claims for attorneys' fees and all causes of action, and other liabilities of any kind whatsoever, whether arising from or related to the Claims, the Adversary, the Bankruptcy Case, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Releasing Defendant Parties.

c. <u>Parties' California Civil Code Section 1542 Waiver.</u> The Releasing Parties hereto, and each of them, expressly waive any and all rights which they have, or which they may have with respect to claims which neither Party knows or suspects to exist in its favor at the time of executing this Agreement (and specifically, this release), which if known by the Releasing Party and/or Parties would have materially affected its settlement with the other Releasing Party, and all Releasing Parties expressly waive any and all rights under Section 1542 of the California Civil Code, which states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

6. <u>No Admission.</u> It is expressly understood, acknowledged, and agreed to that by reason of entering into this Agreement, the Parties do not admit, expressly or impliedly, any fact or liability of any type or nature with respect to any matter, whether or not referred to herein, and the Parties have made no such admission and this Agreement is entered into only to compromise and settle all issues, whether known or unknown, existing between the Parties.

7. <u>Entire Agreement.</u> The Agreement, the documents referred to herein, and the exhibits attached hereto, constitute the entire agreement among the Parties arising from or relating to any and all of the matters identified herein. Any prior understanding or representation of any kind preceding the date of the Agreement and relating thereto shall not be binding on either Party except to the extent incorporated into the Agreement.

8. <u>Successors.</u> This Agreement and all covenants and commitments set forth herein, shall be binding upon the Parties hereto and their legal successors, heirs, executors, administrators, assigns, partners and representatives, and shall inure to the benefit of the Parties hereto and their legal



3

successors, heirs, assigns, attorneys, accountants, executors, administrators and representatives, as may be applicable.

9.　　Representation by Counsel. The undersigned hereby acknowledge that they have or have had the opportunity to discuss this Agreement with their respective counsel, and the undersigned acknowledge that they understand all of the terms and conditions of this Agreement, that this is a final compromise of all claims being released, and that they are voluntarily entering into this Agreement.

10.　　Governing Law. Unless otherwise stated herein, this Agreement shall be governed by and construed in accordance with the Bankruptcy Code, the FRBP, and any and all applicable local rules of the Court, without regard to any applicable conflicts of law principles. The Court shall have exclusive jurisdiction over any dispute arising from or relating to the Agreement.

11.　　Prevailing Party Attorneys' Fees and Costs. In the event of any dispute or legal proceeding arising out of or in connection with the interpretation or enforcement of this Agreement, the prevailing party shall be paid, and in the event of a legal proceeding shall be awarded, reasonable costs, expenses and attorney's fees.

12.　　Execution in Counterparts. This Agreement may be executed and delivered (by facsimile or otherwise) in any number of counterparts, each of which, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement. Digital copies and/or facsimile copies of any signature by a Party or their representative shall have the same force and effect as an original signature.

13.　　Authority to Bind. Except to the extent Court approval is required to approve this Agreement, the Parties represent and warrant to the other that each has all requisite power and authority to enter into this Agreement and perform his or her respective obligations. Each signatory hereto represents and warrants to the Parties that he or she has the authority to execute this Agreement on behalf of the Party they purportedly represent and thereby bind such entity to this Agreement, subject to Court approval, as applicable.

14.　　Independent Investigation. Each Party represents and warrants to the other that it has investigated the facts pertaining to this Agreement, and that the Parties have not relied on any representations of any other Party in deciding whether to enter into this Agreement.

15.　　Volitional Execution. Each Party represents and warrants to the other that he or she enters into this Agreement knowingly and voluntarily, in the total absence of any fraud, mistake, duress, coercion, or undue influence and after careful thought and reflection upon and consultation with independent counsel regarding this Agreement and the matters referred to herein; and, accordingly, by signing this Agreement, each signifies full understanding, agreement, and acceptance of the terms herein.



16.　　Joint Authorship. This Agreement is the product of negotiation and preparation by and among each Party hereto, and each Party acknowledges that they have had the opportunity to consult with independent counsel of their choosing. Accordingly, this Agreement and any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the individual or entity preparing this Agreement on the express

4

understanding and agreement that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Civil Code section 1654 and any successor or amended statute, which provides that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist, and any and all similar rule(s) and/or statute(s).

17.　　Integration. This Agreement constitutes the complete agreement between the Parties with respect to the subject matter hereof and, except as expressly provided herein, supersedes all prior agreements, oral or written, between or among the Parties to the extent such prior agreements are inconsistent with the terms of this Agreement.

18.　　Headings. The headings contained in the Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of the Agreement.

19.　　Severability. In the event any provision of this Agreement shall be held invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions hereof will not in any way be affected or impaired thereby.

20.　　No Third Party Beneficiaries. Except as otherwise expressly provided herein, this Agreement is not intended to benefit any individual or entity that is not a Party.

21.　　Amendment. The Agreement may be amended, altered, modified, or otherwise changed in any respect only by a writing duly executed by the Parties hereto or their authorized representatives, and approved by the Court if necessary.

22.　　Settlement Discussions. This Agreement is part of a proposed settlement of the disputes between the Parties. Pursuant to rule 408 of the Federal Rules of Evidence and any applicable state rule of evidence, neither this Agreement nor any negotiations relating thereto shall be admissible into evidence in any proceeding other than a proceeding to enforce or seek approval of the terms of this Agreement.

///

///

///



IN WITNESS WHEREOF, the Parties have duly executed the Agreement effective as of the date first written above:

**Southern Inyo Healthcare District**      **Healthland, Inc. aka CPSI**

By: _[signature]_      By: _____

Printed Name: Brian Cotter     Printed Name: _____

Title: CEO     Title: _____

Date: 12-2-18     Date: _____

**IN WITNESS WHEREOF,** the Parties have duly executed the Agreement effective as of the date first written above:

**Southern Inyo Healthcare District**              **Healthland, Inc. aka CPSI**

By: _____              By: _____/s/_____

Printed Name: _____              Printed Name: James B. Britain

Title: _____              Title: Controller

Date: _____              Date: 11/21/18